IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JOEL FRANK STANER, #309866 § | |
| § | |
| v.  § | CIVIL ACTION NO. G-02-729 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the "Petition for a Writ of Habeas Corpus" filed by Joel Frank Staner, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 184th District Court of Harris County, Texas. Petitioner was found guilty of capital murder and, on September 9, 1980, was sentenced to life imprisonment.

Petitioner does not challenge his underlying conviction. Instead, he alleges that the Texas Board of Pardons and Paroles ("Board") violated his constitutional rights by denying his release to parole. According to Petitioner, the Board violated his due process rights by retroactively applying Section 42.18 of the Texas Code of Criminal Procedure. The Board denied parole to Petitioner on August 23, 2000. On September 7, 2000, Petitioner filed a time credit dispute resolution form with the TDCJ-CID pursuant to § 501.0081 of the Texas Government Code. The dispute was resolved on September 12, 2001. Petitioner then filed a state habeas writ on August 7, 2001, pursuant to Article 11.07 of the Texas Code of Criminal Procedure. It was denied on April 17, 2002, and Petitioner filed

the instant writ on October 9, 2002.

The State argues that Petitioner's claim is time-barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. The AEDPA requires, in relevant part, that a prisoner who wishes to seek habeas relief in federal court file his petition within one year of the date on which the factual predicate of the claim could have been discovered. 28 U.S.C. § 2244(d)(1)(D). Petitioner had notice of his claim when the Board denied him parole on August 24, 2000. In this case, the statutory period began on August 24, 2000, the day after the Board denied Petitioner parole. Under § 501.0081 of the Texas Government Code, Petitioner had up to 180 days to pursue administrative remedies with the TDCJ-CID. However, the AEDPA's limitations period is tolled only while such an administrative appeal is pending. *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002). The statutory period therefore ran until Petitioner actually filed his dispute resolution form on September 7, 2000, and 15 of the 365 days within the statutory period had elapsed by that time. The limitations period was tolled until the dispute was resolved on September 12, and it ran again until Petitioner filed his Article 11.07 writ on August 7, 2001. This used up an additional 207 days. The period was again tolled until the writ was denied on April 17, 2002, and it ran until Petitioner filed the instant writ on October 9, 2002. This used up another 175 days for a total of 397 days. The instant Petition was therefore filed 32 days outside the limitations period.

The statutory period can be tolled under very limited circumstances. Equitable tolling applies principally when the plaintiff is misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *Cousin v. Lensing,* 310 F.3d 843, 847 (5th Cir. 2002). Petitioner claims tolling applies here because he was ignorant of the law and because the prison mail system is slow. It is well-established that a prisoner's lack of legal knowledge is not a ground for tolling. *United States v. Flores,* 981 F.2d 231, 236 (5th Cir.

1993).  Nor is the slowness of the prison mail system "extraordinary" within the meaning of the tolling requirement.  Petitioner was well acquainted with this system after many years of incarceration and could have taken steps to file his writ in a timely manner.  Instead, 175 days elapsed between the denial of his state writ and his federal filing, and 207 days were used up between the denial of his time dispute and the Article 11.07 filing.  Equitable tolling is not intended for those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999).

The Court therefore **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Joel Frank Staner (Instrument No. 1) be **DISMISSED as time-barred**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  Petitioner shall have until **February 9, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____18th_____ day of January, 2006.

_____
John R. Froeschner
United States Magistrate Judge

3